LOUISVILLE TPK. CO. v. WILLIAM A. SHADBURNE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 1—325.]

**Construction of Contract.**

The court in construing the terms of a contract will adopt the construction placed thereon by the parties for a long period of time after its execution. A contract acquiesced in by the owner of a stone quarry by her permitting a turnpike company to take stone out of it for a period of forty years, and by paying for such stone so taken out, the turnpike company construes such contract as not entitling it to take the stone without paying for it.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

October 20, 1880.

OPINION BY JUDGE COFER:

Whatever might, under other circumstances, have been a proper construction of the writings of 1832 and 1833, we incline to the opinion that the conduct of the parties has given them a construction that supersedes the necessity of any construction by the courts.

It is proved by one witness that the company, has for a great while taken stone from one of the quarries, at pleasure, and that it was never permitted to take stone from the other. The quarry it was permitted to use is spoken of as designated on a map in the case as number two. There is nothing in the record to contradict that statement.

Not only was the right to use quarry number two thus asserted on one side and admitted on the other, but Mrs. Wright, who owned the land and under whom the appellees hold as volunteers, recognized the right in the company as late as 1874, just before she made partition of the land. G. C. Shadburne wrote in the letter signed by Mr. Barrett as follows:

"In laying off the lot which embraces the stone quarry that you make such allowances as are equitable growing out of the contract with the turnpike company made by Mr. Geo. Doup in relation to the use of stone." Mr. Shadburne says that the paper contained his mother's (Mrs. Wright's) views; that it was drawn after her ideas in the matter, as he never would have written the paper at his own instance. This proves that she recognized the contract as then subsisting, and wished the fact to be considered in making the contemplated division so that the child, to which the lot embracing the

quarry should be allotted, should have an equivalent for the incumbrance resting upon it on account of the rights of the turnpike company. That she was then a married woman does not affect the force of her recognition of the contract.

Nor does the fact that the company paid for the stone taken show either that it never had a right under the contract to take it, or that it had abandoned the right. The parties have again saved the court the task of construing the writing. By permitting the company to enter at pleasure and take stone, and by the recognition of the contract by Mrs. Wright in 1874, forty-one years after it was made, the right to the stone is established, and by paying for the stone taken the company has construed the contract as not entitling it to take the stone without paying for it.

That the road heretofore used to get from the turnpike runs over a lot on which there is no quarry does not affect the right of the company to a way over it. The right to take the stone necessarily implies a right to pass over any land then belonging to George Doup which lies between the turnpike and the quarry, and the person now holding the land under Mrs. Wright took it subject to that easement.

It does not appear that any route to the quarry has been designated by agreement between the parties, or that any has been so long or constantly used as to entitle the company to approach the quarry by any particular route; and unless they agree on a route it will be competent for the chancellor to designate it, having due regard to the rights and convenience of the parties respectively.

Neither lapse of time nor the statute of limitations is available as a defense. The easement was continuously enjoyed up to the death of Mrs. Wright, and is no more affected by the lapse of time than if the contract had been made at the date at which the right to enjoy the easement was first denied.

Judgment *reversed* and cause remanded for a judgment in conformity to this opinion, and for such further proceedings, if any, as may be necessary to settle the rights of the parties according to the principles herein announced.

*James Speed, Thomas Speed, for appellant.*

*L. McQuown, Elliott & Atchison, for appellees.*

[Cited, *Kamer v. Bryant*, 103 Ky. 723, 20 Ky. L. 340, 46 S. W. 14.]